**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INTEGRATED WASTE SOLUTIONS, INC., D/B/A DUMPSTER SOURCE, dumpstersource.com, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | NO.   10-2155 |
| v. | : : : | |
| SUDHAKAR GOVERDHANAM, PRIME TECHNOLOGY GROUP, INC., SERVICE DIRECT GROUP LLC, D/B/A DUMPSTER DIRECT, dumpsterdirect.com, & JOHN DOES 1-4, | : : : : : : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                        March 27, 2012

Presently before the Court is the Motion of Plaintiff Integrated Waste Solutions, Inc.,

d/b/a Dumpster Source to Amend its Complaint to Add as a Party Defendant Prime KI Software

Solutions Pvt., Ltd.  For the following reasons, the Motion is granted.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Integrated Waste, headquartered in New Jersey with its principal place of

business in West Chester, Pennsylvania, leases waste disposal containers and compactors to

residential and commercial customers via a network of approved vendors.  (Am. Compl. ¶¶ 9,

19.)  Defendant Prime Technology Group, Inc. ("Defendant Prime") is a global IT consulting

company that develops specialized software for businesses.  (Id. ¶ 27.)  In 2007, Plaintiff

contracted with Defendant Prime to create customized software so that Plaintiff could conduct its

business using an online, interactive website.  (Id. ¶¶ 37-41.)  Prior to executing the contract,

Plaintiff had Defendant Prime sign a Confidentiality and Non-Disclosure Agreement.  (Id. ¶ 32.)

The Agreement prohibited Defendant Prime from using or disclosing "any and all business rules,

functional specifications, business, financial, or technical information or data in any form or

medium whatsoever, tangible or intangible. . . ."  (Id. ¶ 33.)

       According to Plaintiff, Defendant Prime failed to perform its obligations under the terms

of the contract, forcing Plaintiff to hire another entity to create its online business systems and

software programs at additional cost.  (Id. ¶¶ 41-47.)  Furthermore, in late 2009, Plaintiff learned

from a tracking service that its website "was being cyber-attacked by thousands of first weekly

then daily hits, all originating from Hyderabad and Delhi, India."  (Id. ¶ 53.)  According to

Plaintiff, Defendants engaged in these attacks in order to obtain Plaintiff's pricing and vendor

information by zip code, track changes Plaintiff made to its business rules, and access Plaintiff's

confidential information.  (Id. ¶ 54.)  Thereafter, Plaintiff learned that Defendant Sudhakar

Goverdhanam, Defendant Prime's CEO, created his own internet-based business, Defendant

Service Direct Group LLC ("Service Direct"), which provides the same waste management

services as Plaintiff.  (Id. ¶¶ 59, 64.)  Plaintiff alleges that Defendant Service Direct, doing

business as Defendant Dumpster Direct, continues to use its proprietary business information in

an effort to compete with Plaintiff.  (Id. ¶ 66.)

       Plaintiff filed its Amended Complaint in this Court on July 22, 2010, which included the

following: (1) a breach of contract claim against Defendant Prime (id. ¶¶ 70-77); (2) a request for

an injunction against Defendants Prime and Dumpster Direct (id. ¶¶ 78-84); (3) an unjust

enrichment claim against Defendants Prime and Dumpster Direct (id. ¶¶  85-92); (4) a

conversion claim against Defendants Prime and Dumpster Direct (id. ¶¶ 93-101); (5) a fraud

claim against Defendant Goverdhanam (id. ¶¶ 102-13); (6) a breach of contract claim against

Defendant Prime (id. ¶¶ 114-24); (7) a fraud and intentional misrepresentation claim against

Defendant Goverdhanam (id. ¶¶ 125-35); (8) a negligent misrepresentation claim against

Defendant Goverdhanam (id. ¶¶ 136-46); (9) a civil conspiracy claim against Defendant

Goverdhanam and four unidentified Defendants (id. ¶¶ 147-55); (10) an unlawful access to stored

communications claim made pursuant to 18 U.S.C. § 2707(a) against Defendants Prime, Service

Direct, and Goverdhanam (id. ¶¶ 156-70); (11) a claim for fraud and related activity in

connection with computers pursuant to 18 U.S.C. § 1030(a)(g) against Defendants Prime,

Goverdhanam, and Dumpster Direct (id. ¶¶ 171-80); (12) a claim for violations of the

Pennsylvania Uniform Trade Secrets Act against Prime, Goverdhanam, and Dumpster Direct (id.

¶¶ 181-99); and (13) a request for an injunction against Defendants Goverdhanam, Prime, and

Dumpster Direct.  (Id. ¶¶ 200-19.)  A subsequent Motion to Dismiss filed by Defendants on

August 9, 2010 was granted in part and denied in part, eliminating Counts V (fraud), VII (fraud

and intentional misrepresentation), and VIII (negligent misrepresentation).  See Integrated Waste

Solutions, Inc. v. Goverdhanam, No. Civ.A.10-2155, 2010 WL 4910176 (E.D. Pa. Nov. 30,

2010).

On June 8, 2011, Plaintiff filed a Motion to Compel Discovery, alleging that Defendants

failed to comply with multiple discovery requests.  Defendants never filed a response, and the

Court granted the Motion on June 30, 2011.  On July 12, 2011, Plaintiff filed a Motion for

Sanctions against Defendants for failing to comply with both its earlier discovery requests and

the Court's order compelling discovery.  Defendants again failed to respond, and the Court

granted the Motion on August 10, 2011, resulting in a default judgment against all Defendants.

On August 20, 2011, Defendants moved for relief from the sanctions, which the Court granted on September 23, 2011.  Plaintiff filed a Motion to Reinstate Default Judgment on October 25, 2011, alleging additional discovery deficiencies.  The Court then held a hearing on February 1, 2012 at which Defendants were ordered to show cause as to why default should not be reentered, and Plaintiff's Motion was subsequently denied on February 7, 2012.

Plaintiff's present Motion to Amend the Complaint was filed on February 16, 2012. Defendants filed their Response in Opposition on March 5, 2012, and Plaintiff filed a Reply Brief on March 7, 2012.  The Motion is now ripe for disposition.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Rule clearly states that "[t]he court should freely give leave when justice so requires."  Id.  Nonetheless, the policy favoring liberal amendments is not "unbounded."  Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).  The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Waterfront Renaissance Assoc. v. Phila., 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010).  A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman, 371 U.S. at 182).

4

## III.    DISCUSSION

Plaintiff has filed the present Motion to Amend its Complaint in order to add as a party defendant a company called Prime KI Software Solutions Pt., Ltd. ("Prime KI India"). According to Plaintiff, it became apparent during the course of discovery that Prime KI India served as the "back-office, off-shore staff of Defendant Prime . . . ."  (Pl.'s Mot. Leave Amend ¶ 2.)  Plaintiff alleges that the "employees of Prime KI India include the very same personnel who breached by not performing Defendant Prime's contract with Plaintiff . . .; who purloined the Confidential and Proprietary Information of [Plaintiff] for, inter alia, Defendant Service Direct; who are operating Defendant Service Direct's dumpster service business in competition with that of Plaintiff; and who have cyber-attacked Plaintiff's on-line dumpster service site."  (Id.)  Finally, Plaintiff alleges that Prime KI India receives money from Defendants Prime and Service Direct merely by requesting it, without having to provide an invoice or otherwise indicate the grounds upon which it is entitled to the funds.  (Id. ¶ 3.)  Plaintiff believes that this unusual financial relationship "has diminished the financial integrity of each Defendant to the point that Plaintiff likely cannot be made whole by collecting on the judgment it expects to obtain after trial."  (Id.)

Defendants oppose the Motion on the grounds that it is contrary to the interests of justice and judicial economy, improper, and untimely.  (Def.'s Resp. Opp'n 2.)  In support of these assertions, Defendants raise three arguments.  First, they anticipate that Prime KI India, an Indian corporation, will assert lack of personal jurisdiction as an affirmative defense, and that resolution of this issue will delay the litigation by several months.  (Id. at 3.)  In the event that personal jurisdiction is established, further delay will be caused by the need for Prime KI India to engage in discovery and trial preparation.  (Id.)

While it is possible that adding another party to this action would prolong the litigation, this fact alone is an insufficient basis for denying Plaintiff's Motion, and the Court finds that Plaintiff has set forth valid reasons for joining Prime KI India.  Plaintiff has alleged that, after the discovery process commenced, it learned that Prime KI India and its employees worked with Defendants and engaged in the same activities that form the basis for Plaintiff's request for an injunction and its claims for breach of contract, unjust enrichment, conversion, unlawful access to stored communications, fraud, and violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. § 5301, et seq.  (Pl.'s Mot. Amend, Ex. E, Pl.'s Proposed Second Am. Compl. ¶¶ 73-115; 125-188.)  It also appears that Plaintiff was unable to ascertain this information earlier because Defendants did not timely respond to its requests for discovery.  (Pl.'s Mem. Supp. Mot. Amend Compl. 3, 13.)  This is certainly plausible, considering the fact that this litigation has been delayed on several occasions by Defendants' multiple failures to comply with both Plaintiff's discovery requests and this Court's Orders.  Thus, in light of the procedural history of this case, Defendants' argument that joining another party would cause undue delay rings hollow.

Second, Defendants contend that the Motion should be denied because Plaintiff failed to move for either required joinder of Prime KI India pursuant to Federal Rule of Civil Procedure 19[1] or permissive joinder pursuant to Rule 20.[2]  (Def.'s Resp. Opp'n 3.)  The Court finds no

---

[1]  Federal Rule of Civil Procedure 19 states in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the

merit to this argument.  Rules 19 and 20 specify the circumstances under which a party must or may be joined; in order to actually add a party to a case, the plaintiff must file an amended complaint.  Therefore, Plaintiff's Motion is procedurally sound.  Furthermore, because the allegations against Prime KI India and the current Defendants arise out of the same transaction or occurrence and questions of law and fact will be common to all, the Court finds that Plaintiff's proposed joinder comports with the requirements of Rule 20.

Finally, Defendants assert that the request to amend is untimely, arguing that Plaintiff knew "of the involvement an Indian entity dating back as far as the initial Complaint, [and] made no attempt to address this matter until it became apparent that this case would soon go to a trial on the merits."  (Def.'s Resp. Opp'n 4.)  In response, Plaintiff contends that it was not was fully aware of Prime KI India's existence as a separate legal entity until it had the opportunity to conduct discovery, which, as discussed above, was delayed on multiple occasions by Defendants. (Pl.'s Reply Br. 8.)  A review of the Amended Complaint supports Plaintiff's assertion that it did

---

interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

[2]  Federal Rule of Civil Procedure 20 states in relevant part:

Persons . . . may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

not understand the nature of the relationship between the current Defendants and Prime KI India until discovery commenced.  While Plaintiff alleged in the Amended Complaint that its website was being hacked from a location in India, it assumed that it was Defendants who were engaging in this activity.  (Am. Compl. ¶ 1, 166.)  Having learned during discovery that a separate organization assisted Defendants in the alleged hacking activity, it is entirely reasonable that Plaintiff would seek to join that organization as a party to this litigation.  In sum, the Court finds no evidence that Plaintiff acted in bad faith or with a dilatory motive in filing the present Motion. Accordingly, Plaintiff's Motion to Amend its Complaint is granted.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff did not act in bad faith or with dilatory motives in filing its Motion to Amend its Complaint, that the proposed amendment would not be futile, and that the amendment would not prejudice Defendants.  Accordingly, Plaintiff' Motion to Amend its Complaint is granted.

An appropriate Order follows.